UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICKY L. SEXTON,

        Plaintiff,                    Case No. 2:12-cv-138

v.                                    Honorable R. Allan Edgar

MICHAEL W. CURLEY,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without immediate payment of the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Ricky L. Sexton, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Michael W. Curley, Director Daniel H. Heyns, School Principal Kim Corcoran, and Grievance Specialist Sean Lockhart. Plaintiff alleges in his complaint that he was issued a GED completion exemption in early 2000. However, on May 12, 2009, and May 14, 2009, both School Principal Michelle D. Patton and Warden Tim Barsch disapproved his GED completion exemption pursuant to Public Act 320. In the memo entitled "removal of GED exemption," Principal Patton stated:

> On February 1, 2000, you were issued a GED exemption form. Based on a memo from Education Manager Julie DeRose, dated January 11, 2006, only prisoners who fall under Public Act 320 are eligible for an Exemption. Public Act 320 requires that a prisoner with a jurisdiction date of December 15, 1998 or later and sentenced to two or more years of prison, is required to complete their GED or receive an exemption prior to parole. You have a jurisdiction date of December 22, 1978, which does not fall under PA 320 and therefore you do not need an exemption to parole. A new exemption form is attached which disapproves your original request for an exemption. I am also attaching a copy of the memo from the education director.
>
> There is sufficient data in your file that tells me you do not have the educational proficiency to earn a GED. You will not be asked to attend school at SMF. If you have any questions please let me know.

(Plaintiff's Exhibit 5, docket #1-2.)

Plaintiff was subsequently transferred to AMF. On August 3, 2011, Plaintiff sent a letter to Defendant Curley stating that he had a documented learning disability, which qualifies him for an exemption from the GED school program. Plaintiff has requested a reinstatement of his exemption to the GED program. (Plaintiff's Exhibit 7, docket #1-2.) When Plaintiff failed to get the requested relief, he filed a grievance regarding the matter. In the response to the step I grievance, Defendant Corcoran stated:

> \*\*Pursuant to MCL 791.233, section f, prisoners sentenced under 'truth in sentencing' must have a GED / HSD or an exemption prior to release on parole. You are **not** under 'truth in sentencing' and do **not** have positive parole action thus an exemption is **not** warranted and should **not** be honored. Also in a memo from the Education Manager it is noted that an exemption is only an exemption of having to earn GED as a condition of parole it is **not** an exemption of having to attend school. Once you are in GP you will be placed on the appropriated waiting list and enrolled as out lined within PD 05.02.112. It is recommended that you attend school and build upon skills that increase your chances for success once you are released. This process has been explained to you at SMF and LMF. Learning disability will be addressed upon enrollment.

(Plaintiff's Exhibit 8, docket #1-2.)

Plaintiff asserts that Defendants' conduct violates his due process rights under the Fourteenth Amendment. Plaintiff seeks equitable relief and costs.

### Discussion

I.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks

- 3 -

for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff seeks to be exempt from school enrollment, and to be eligible for a prison employment without completion of his GED. Plaintiff has no inherent constitutional right to rehabilitation, education, job assignments, or other programming. *See Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 2400 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976); *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980).

Nor does state law create such an entitlement. Michigan's statutes and regulations give prison authorities complete discretion regarding programming assignments of prisoners. Michigan does not have statutes or administrative rules restricting the discretion of its prison

administrators concerning such decisions.  Under Michigan Department of Corrections regulations, prison authorities retain broad discretion regarding the assignment of prisoners to rehabilitative programs and work assignments.  *See* MICH. DEP'T OF CORR., Policy Directives 05.01.100 and 05.02.112.  Therefore, the requirement that Plaintiff participate in the GED program does not violate his rights under the Fourteenth Amendment Due Process Clause.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:          5/4/2012                        */s/ R. Allan Edgar*
                                                R. Allan Edgar
                                                United States Distric Judge